LAW OFFICE OF
**PETER A. ROMERO**

Peter A. Romero
promero@romerolawny.com

David D. Barnhorn
dbarnhorn@romerolawny.com

February 28, 2019

**VIA ECF**
Hon. Anne Y. Shields
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Miranda v. CHI Contracting Inc</u>., et al.
             17-CV-6048 (AYS)

Dear Judge Shields:

      This firm represents Plaintiff Julian Miranda ("Plaintiff") in the above-referenced action. We respectfully submit this motion for approval of Fair Labor Standards Act ("FLSA") Settlement and Dismissal of Claims with Prejudice. Plaintiff commenced this action against his former employer alleging that Defendants violated the FLSA and New York Labor Law by failing to pay him overtime wages. The parties agreed to resolve their dispute by utilizing the EDNY mediation panel. The parties reached an agreement with the assistance of mediator Raymond Nardo, Esq. We respectfully seek approval of the settlement of Plaintiff's FLSA claims pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, No. 14-cv-299 (2d Cir. Aug. 7, 2015).

      The parties agreed to fully and finally resolve all of the claims by having Defendants pay Plaintiff a total of $15,000, inclusive of attorneys' fees and costs. Plaintiff believes the agreement is fair and reasonable under the circumstances. The parties have held very different views about the merits of Plaintiff's claims. The parties' respective views differed as to the extent of overtime hours worked by Plaintiff and the number of weeks, if any, that Plaintiff worked more than 40 hours per week during his employment with Defendants. A resolution of this dispute would require depositions and trial. Accordingly, resolving the action on behalf of the Plaintiff at this early juncture provides certainty in that he will receive compensation for his alleged unpaid overtime wages. In light of the significant litigation risks outlined above, all parties believe that this settlement is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Moreover, Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty than a trial judgment, since the parties would need to take depositions, brief numerous motions on the merits before trial could commence.

      As set forth in the attached Settlement Agreement, the parties have agreed to settle this action and provide mutual general releases for a total settlement amount of $15,000 (the "Settlement Amount"). The attorney's fee represents one-third (33.3%) of the net settlement amount after deducting expenses incurred for the filing fee, service of process and mediator's fee. Plaintiffs' counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked and compensation received, commenced this

action, and negotiated the settlement. Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured a favorable result on the Plaintiff's behalf. The settlement amount will be made available to Plaintiff without the uncertainty and delay of trial.

In short, the settlement is the result of substantial negotiations and compromise by both parties. The parties believe that the proposed settlement is completely fair, reasonable, and adequate to the Plaintiff in light of the risks of litigation and should be approved.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

**LAW OFFICE OF PETER A. ROMERO PLLC**

By:    /s Peter A. Romero

_____
Peter A. Romero, Esq.
825 Veterans Highway, Ste B
Hauppauge, New York 11788
(631) 257-5588